# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

No. 17-1180
(5:15-cv-12542)

_____

**ALL RISKS, LTD, a Maryland corporation; HCC SPECIALTY UNDERWRITERS, INC., a Massachusetts corporation; UNDERWRITERS AT LLOYD'S LONDON, a foreign corporation**

*Third Party Defendants – Appellees*

and

**TALBOT 2002 UNDERWRITING CAPITAL LTD.; WHITE MOUNTAINS RE SIRIUS CAPITAL LTD; MARKEL CAPITAL LIMITED**

*Plaintiffs – Appellees*

v.

**OLD WHITE CHARITIES, INC.**

*Defendant – Appellant*

**BANKERS INSURANCE, LLC**

*Intervenor/Defendant*

_____

**APPELLEES' JOINT AND UNOPPOSED MOTION FOR LEAVE TO FILE SEPARATE APPELLEES' BRIEFS**

_____

Pursuant to Local Rule 28(d), Appellees Talbot 2002 Underwriting Capital Ltd. ("Talbot"), White Mountains Re Sirius Capital Ltd ("Sirius"), Markel Capital Limited ("Markel"), Certain Underwriters at Lloyd's, London subscribing to Prize Indemnity insurance certificate numbers L009216, L009217, and L009218 ("Lloyd's") (collectively, "Underwriters"), HCC Specialty Underwriters, Inc., ("HCC"), and All Risks, Ltd ("All Risks") (collectively, "Appellees"), hereby move for leave to file separate appellees' briefs. This motion is unopposed. The reasons for the motion are as follows:

1.   This case arises out of a coverage dispute pertaining to whether coverage exists under a prize indemnity insurance policy (the "Policy") for two holes-in-one made during a 2015 golf tournament hosted by Appellant Old White Charities, Inc. ("Appellant"). On August 19, 2015, Talbot, Sirius, and Markel (collectively, "Plaintiffs") filed a lawsuit against Appellant in the U.S. District Court for the Southern District of West Virginia (the "District Court") seeking a declaration of non-coverage on five separate bases. On September 11, 2015, Appellant filed its answer and asserted counterclaims against Plaintiffs and third-party claims against Lloyd's, HCC, and All Risk.

At all relevant times, Underwriters served as the insurers on the Policy, and Appellant was the insured. At all relevant times, HCC served as the representative of Underwriters and had authority to place the risk on behalf of Underwriters. As

1

such, Underwriters and HCC have been represented by the same counsel throughout the underlying litigation and this appeal.

By contrast, at all relevant times, All Risks served as an intermediary, and had a different role than Underwriters and HCC in the negotiation of the Policy. All Risks had no role with respect to the handling of the claim Appellant made against the Policy (the "Claim"). In addition, as All Risks has asserted no claims against Appellant, it is in a different position than Underwriters, who both asserted claims against and defended claims brought by Appellant. Accordingly, All Risks is separately situated than Underwriters and HCC. As All Risks played an adverse role in the negotiation of the Policy with HCC and Underwriters, and had no role in the underwriting of the Policy or the handling of the Claim, the legal issues and analysis raised in the underlying litigation and presented on appeal are different with respect to the parties. Thus, while some of the causes of actions against All Risks, Underwriters, and HCC are the same, the facts and legal analysis supporting the parties' respective claims and defenses are different and sometimes at odds.

In addition, while there have not yet been any claims asserted by Underwriters or HCC against All Risks (or *vice versa*), as such claims are not yet ripe, should the District Court's decisions be reversed, claims between and among these parties could arise. In other words, there is a possibility that these parties could become adverse. Thus, the parties have separate interests to protect.

Accordingly, the issues on appeal with respect to Underwriters and HCC are different than those with respect to All Risks. As such, good cause exists for Appellees (specifically, Underwriters and HCC on one hand and All Risks on the other hand) to file separate appellee briefs.

2. Appellant's brief was filed on May 12, 2017, and Appellees' brief(s) are due on June 16, 2017. Throughout the course of the underlying litigation before the District Court, Underwriters and HCC were represented separately and by different counsel than All Risks. The parties filed separate motions to dismiss and motions for summary judgment. On appeal, these parties remain separately represented.

3. Appellees ask that the briefs be considered separately for purposes of compliance with Rule 32(a)(7)(B)(i) of the Federal Rules of Appellate Procedure, although Appellees can assure the Court that they will make every effort to avoid unnecessary duplication of arguments and will endeavor to keep the word count reasonable.

4. Appellees have requested the views of counsel for Appellant, and Appellant's counsel has advised that they do not oppose this motion. Appellant's counsel has requested, however, that if the motion is granted, Appellant would be permitted additional time and additional pages to respond to the two appellees' briefs.

3

For these reasons, Appellees respectfully request that the Court grant this Joint and Unopposed Motion for Leave to File Separate Appellees' Briefs.

DATED: May 24, 2017

Respectfully submitted,

*/s/ Paul L. Fields, Jr.*
Paul L. Fields, Jr.
Georgia Bar No. 003420
**FIELDS HOWELL LLP**
1180 W. Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Telephone:  404.214.1250
Facsimile:  404.214.1251
Email:  pfields@fieldshowell.com

*Counsel for Appellees HCC Specialty Underwriters, Inc., Underwriters at Lloyd's London, Talbot 2002 Underwriting Capital Ltd; White Mountains Re Sirius Capital Ltd, Markel Capital Limited*

AND

*/s/ Debra Tedeschi Varner*
Debra Tedeschi Varner
WVSB #6501
**MCNEER HIGHLAND MCMUNN AND VARNER L.C.**
400 West Main Street
P.O. Drawer 2040
Clarksburg, WV 26302
Telephone: (304) 626-1100
Facsimile: (304) 623-3035
Email:  dtvarner@wvlawyers.com

*Counsel for Appellees All Risks LTD.*

4

# **CERTIFICATE OF SERVICE**

I certify that on the 24th day of May, 2017, Appellees' Joint and Unopposed Motion for Leave to File Separate Appellees' Briefs was filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Marvin W. Masters
Kimberly K. Parmer
THE MASTERS LAW FIRM
181 Summers Street
Charleston, WV 25301
mwm@themasterslawfirm.com
kkp@themasterslawfirm.com
*Counsel for Appellant Old White Charities, Inc.*

James A. Varner, Sr.
Debra Tedeschi Varner
MCNEER, HIGHLAND, MCMUNN &
VARNER, L.C.
400 West Main Street, Fourth Floor
Post Office Drawer 2040
Clarksburg, WV 26302-2040
dtvarner@wvlawyers.com
javarner@wvlawyers.com
*Counsel for Appellee All Risks, Ltd.*

Lee M. Hall
JENKINS FENSTERMAKER, PLLC
Post Office Box 2688
Huntington, WV 25726
lmh@jenkinsfenstermaker.com
*Counsel for Appellee*

    */s/ Paul L. Fields, Jr.*
Paul L. Fields, Jr.
Georgia Bar No. 003420
*Counsel for Appellees HCC Specialty Underwriters, Inc., Underwriters at Lloyd's London, Talbot 2002 Underwriting Capital Ltd; White Mountains Re Sirius Capital Ltd, Markel Capital Limited*

5